Opinion delivered April 28, 1886.

---

[No. 3768.]

## Vick Williams v. The State.

1. Practice—Venue.—The record on appeal must show affirmatively that the venue of the offense was proved as alleged.  Otherwise a conviction will be reversed.
2. Disturbing the Peace—Fact Case.—See the statement of the case for evidence *held* insufficient to support a conviction for disturbing the peace by cursing in a public place.

Appeal from the County Court of Wilbarger.  Tried below before the Hon. J. P. Orr, County Judge.

The conviction in this case was for disturbing the peace, by cursing and swearing on a public street of the town of Vernon. The penalty imposed by the verdict was a fine of twenty dollars.

Sheriff G. T. Douglass was the only witness who testified on the trial of the defendant, who is disclosed by the evidence to be a woman. The witness testified that on May 2, 1885, he went into a drinking saloon, a public place in the town of Vernon, where he saw the defendant and two other parties. None of the parties were making a disturbance at the time. The defendant was standing in the saloon waiting for a lemonade then being prepared by the bar tender. The other two parties were standing in the saloon. The witness, acting upon his own responsibility, and not being requested by the bar tender, ordered the defendant and the other two parties to leave the saloon. Defendant replied, either that she would leave when she got her lemonade, or would not leave until she got her lemonade, interpolating several oaths. Witness forced her out of the saloon door, and took her up the street under arrest. She protested against and resisted arrest, cursing the while that she was being taken up the street. She uttered several oaths in the saloon after her arrest. She did not curse nor otherwise disturb the public peace until ordered out of the saloon by the witness. She was under arrest, and was resisting arrest, when she uttered the oaths stated. There were no private residences within hearing of the saloon, but a hotel, containing a family, was passed en route to jail. That hotel was on a street one hundred feet wide, and on the opposite side from the witness and the defendant.

*Beckett & Wheeler,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

HURT, JUDGE. This is a conviction for disturbing the peace by cursing and swearing in a public place, to-wit: a street.

There is no proof of venue; and, after a very careful examination of the facts, we are of the opinion that the evidence does not sustain the conviction.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*